UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KALEI PROVOW,

    Plaintiff,

        v.

NEXTEL RETAIL STORES LLC, SPRINT
CORPORATION and JOHN DOE,

    Defendants.

Case No. 14-cv-1156-JPG-PMF

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that it has federal jurisdiction.   *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").   The Court notes that defendants Nextel Retail Stores, LLC ("Nextel") and Sprint Corporation ("Sprint") have adequately pled in their Notice of Removal the minimum amount in controversy to support diversity jurisdiction under 28 U.S.C. § 1332(a).   This pleading was based on plaintiff Kalei Provow's demand for $5 million in damages and $10 million in punitive damages for conversion, trespass, invasion of privacy, intentional infliction of emotional distress and consumer fraud involving intimate photographs of the plaintiff.

Ordinarily, when a complaint quantifies damages, that number controls unless recovering that amount would be legally impossible.   *Smoot v. Mazda Motor*, 469 F.3d 675, 677 (7th Cir. 2006) (citing *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006)).   In this case, the Court has serious doubts about whether the conduct alleged in the complaint could actually support a verdict in excess of $75,000, the minimum amount in controversy for diversity

jurisdiction.   Since the defendants, as the parties seeking to invoke federal jurisdiction, bear the burden of demonstrating by a preponderance of the evidence facts showing that the plaintiff stands to recover more than $75,000 in the suit, *see McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006), the Court **ORDERS** Nextel and Spring to **SHOW CAUSE** on or before November 21, 2014, why the Court should not remand this case to state court for lack of subject matter jurisdiction based on the failure to establish the minimum amount in controversy.   It would be helpful to the defendants to cite in their response amounts of jury verdicts or settlements of other cases involving similar facts. The plaintiff shall have fourteen days to reply to the defendants' response.   Failure to respond to this order may result in remand of this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED: November 6, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
